IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY LEE GRAVES,

    Petitioner,                        No. CIV S-06-1274 LKK DAD P

    vs.

ANTHONY KANE,

    Respondent.                     <u>ORDER</u>

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2002, petitioner was found suitable for parole. In a petition lodged in the United States District Court for the Central District of California on June 9, 2004, petitioner challenges the governor's reversal of the finding of parole suitability. By order filed May 12, 2006, the fully briefed and submitted petition was transferred to the United States District Court for the Eastern District of California, where petitioner is now confined.

        The statute that governs the power of federal courts to grant a writ of habeas corpus contains the following provision concerning the proper forum for federal habeas petitions filed by state prisoners:

/////

/////

1

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Here, petitioner was convicted and sentenced in Los Angeles County. The United States District Court for the Central District of California is the district within which the state court was held which convicted and sentenced petitioner. See 28 U.S.C. § 84(c). Accordingly, the Central District court may entertain the habeas petition filed in that court in June 2004. When petitioner filed his habeas petition, he was confined in a state prison in Soledad, which is located in Monterey County. The district court for the district wherein petitioner was confined at the relevant time is the United States District Court for the Northern District of California. Thus, the Northern District court had concurrent jurisdiction to entertain petitioner's habeas petition when it was filed. Petitioner was not confined within the Eastern District of California when the petition was filed, and this court does not have concurrent jurisdiction over the petition.

Petitioner elected to file his federal habeas petition in the district court for the district within which he was convicted and sentenced, as permitted by 28 U.S.C. § 2241(d). See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973) (reiterating that a state prisoner in a state which contains two or more federal judicial districts "has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located"). By statute, the United States District Court for the Central District of California, the district in which petitioner was convicted and sentenced was authorized, "in the exercise of its discretion and in furtherance of justice," to transfer the petition to the district court

for the district in which petitioner was confined when he filed his petition.  The "other district court" having concurrent jurisdiction over the petition pursuant to statute is the United States District Court for the Northern District of California.

Because petitioner is no longer confined within the Northern District, it does not appear that transfer to the United States District Court for the Northern District of California would be in furtherance of justice.[1]  Accordingly, the petition will be transferred back to the district within which petitioner was convicted and sentenced.  See 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  Cf. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

The motion for appointment of counsel filed by petitioner in this court will be denied without prejudice.

IT IS ORDERED that:

1. Petitioner's August 22, 2006 motion to appoint counsel is denied without prejudice; and

/////

/////

/////

---

[1] The undersigned believes that as a matter of policy the four federal judicial districts in California are now following a presumptive rule that the proper venue for habeas petitions challenging state parole denials will be in the district of the petitioner's incarceration at the time the petition is filed rather than the district of conviction.  However, in this case petitioner elected to file his petition in the district of conviction.  The United States District Court for the Central District of California proceeded with the matter and the case was fully briefed and submitted for decision to that court back on November 5, 2004.  The transfer to this court did not occur until over eighteen months after the petition was taken under submission for decision.  Under these circumstances, transfer to the United States District Court for the Central District of California is appropriate.

2. This matter is transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1406(a) and 2241(d).

DATED: February 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
grav1274.108

4